PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
June 15, 1967
Honorable Claude Kirk
Governor of Florida
The Capitol
Tallahassee, Florida 32304
Dear Governor Kirk:
We acknowledge receipt of your request for an advisory opinion under date of June *535 S, 1967 which, .omitting the formal parts, reads as follows:
“Under the provisions of Section 6 of Article IV [F.S.A.], it is the duty of the Governor to, ‘ * * * take care that the laws be faithfully executed.’ The provisions of Section 1 of Article IV declare that, ‘The Supreme Executive Power of the State shall be vested in a Chief Magistrate, who shall be styled the Governor of Florida.’
“Complementing these constitutional provisions are Sections 14.01 and 14.06, Florida Statutes [F.S.A.], which provide in part as follows:
‘The governor may employ as many persons as he, in his discretion, may deem necessary to procure and secure protection to life, liberty and property of the inhabitants of the state, also to protect the property of the state.’
% % Sfc >{< S|í j)C
‘ * * * the governor is further authorized to employ such persons as may be required from time to time to make such investigations as may, in the judgment of the governor, be necessary or expedient to efficiently conduct the affairs of the state government, especially to make investigation and report of matters concerning taxation and finance throughout the state.’
“In furtherance of the aforementioned constitutional and statutory provisions, I have launched a War on Crime and employed and commissioned persons to act as official agents of the Office of Governor. Their object and purpose will be to assist me in my constitutional duty in taking care that the laws be faithfully executed and to insure that the life, liberty and property of the inhabitants of the state be protected. Any information reflecting a violation of the criminal laws of this state will be referred to local police authorities, county solicitors, state
attorneys, grand juries or other duly constituted instrumentalities of county, state or federal government for appropriate action.
“It is anticipated that I will be receiving contributions from the citizens of this state to assist in financing the Governor’s War on Crime. I intend to devote a substantial portion of these funds towards the payment of salaries of these duly commissioned agents of the Governor’s office.
“In view of the provisions of the Constitution, laws and facts which I have related heretofore, it is necessary that I receive clarification of my executive authority under the aforementioned constitutional and statutory provisions in order to properly receive and disburse contributions and donations received from citizens ,of this state. Therefore, I have the honor to request your written opinion on the following question:
“As Chief Magistrate of the State of Florida with a mandate to see that the laws be faithfully executed, do I have the executive power to receive and disburse contributions received from citizens of this state for the purposes described, in furtherance of Sections 1 and 6 of Article IV of the Florida Constitution ?”
It is our opinion that under the provisions of Section 6 of Article IV of the State Constitution as implemented by F.S. Sections 14.01 and 14.06, F.S.A., you have the authority to employ individuals to serve only as your investigative agents for the purposes stated in your letter. By this, we mean that the functions of these agents are investigatory. In the absence of further definitive legislation they cannot exercise police powers, such as the power of arrest. The number of agents to be employed would be governed primarily by need and the amount of funds which are made available for the purpose.
*536 In regard to the receipt and use of private contributions to be used to pay the salaries and other expenses incident to the lawful investigative activities of said agents, we advise that the State Constitution requires legislative appropriation or authorization for the use of any funds from whatever source by a public agency or official for a public purpose. Section 4, Article IX, and Section 24, Article IV, Florida Constitution.
We find nothing in the State Constitution that precludes the receipt and use by the state or its officials of contributions from citizens provided the same are received and used for a public purpose in the manner authorized by the Legislature. The Legislature has done this by F.S. Section 215.32(2) (b), par. 1, F.S.A. There is nothing in the Constitution that precludes the Legislature from authorizing by special act the acceptance by the state or any of its authorized officials of a specific gift or donation for a public purpose, or by general law authorizing acceptance and use of and by the state or any of its authorized officials of private contributions generally for any public purpose or purposes upon such terms and conditions as the Legislature may prescribe.
In order to consider fully your authority under the Constitution, it is necessary to refer to several statutes which implement the constitutional provisions cited above. F.S. Section 215.31, F.S.A. requires that all revenues received by any state officer from any source shall be promptly deposited in the State Treasury, properly accounted for by the Comptroller as to source, and that no money shall be paid from the Treasury except as provided by law. F.S. Section 215.-32, F.S.A., provides in part:
“(1) All moneys received by the state shall be deposited in the state treasury unless specifically provided otherwise by law and shall be deposited in and accounted for by the state treasurer and the comptroller within the following funds, which funds are hereby created and established :
“(a) General revenue fund,
(b) Trust funds, and

“(2) (b) 1. The trust funds shall consist of moneys received by the state which under law or under trust agreements are segregated for a purpose authorized by law. The budget commission shall have the power and authority to approve the establishment of any trust fund it deems necessary to preserve the integrity of any moneys received or collected by .a state agency for a specific use or purpose authorized by law. The state agency receiving or collecting such moneys shall be responsible for their proper expenditure as provided by law.

“215.32(2) (b) 3. All such moneys are hereby appropriated for the purpose which they were received, to be expended in accordance with the law or trust agree-^ ment under which they were received, subject always to other applicable laws relating to the deposit or expenditure of moneys in the state treasury.” (Emphasis added)
In summary we advise you:
1. You have authority to employ as many persons as in your discretion are needed as special investigators (but without police power) as are necessary to secure protection to life, liberty and property of the inhabitants of this State, limited only by the funds available with which to compensate them;
2. Lawful authority exists for the creation of a trust fund either by the Legislature or the budget commission for the purpose of receiving private contributions from persons or foundations to assist in law enforcement, such funds to be initially deposited in the State Treasury;
3. You have lawful authority on behalf of the State of Florida to accept con-
*537 tributions for such purpose and to have them deposited in the State Treasury and administered and paid out in accordance with the provisions of the trust and statutes hereinabove mentioned.
Respectfully yours,
Campbell Thornal
Chief Justice
Elwyn Thomas
B. K. Roberts
E. Harris Drew
Stephen C. O’Connell
Millard F. Caldwell
Richard W. Ervin
Justices.