PER CURIAM.
SUPREME COURT OF FLORIDA
Tallahassee
July 12, 1967
Honorable Claude Kirk
Governor of Florida
The Capitol
Tallahassee, Florida
Dear Governor Kirk:
We acknowledge receipt of your request for an advisory opinion under date of June 20, 1967 which, omitting the formal parts, reads as follows:
“This is in further regard to the request for an Advisory Opinion under date of June 5, 1967.
“In addition to the question posed in said letter, it would be extremely helpful if the Court could clarify the trust fund section referred to in Section 215.32 (1) (b) and Section 215.32 (2) (bl), Florida Statutes. The matter which I find necessary to have clarified is whether Section 215.32 has, by legislative action, created a trust fund into which I can deposit, without any action by the Budget Commission, contributions received from private citizens for public purposes authorized by law.
“It would appear that Section 215.32 creates a trust account into which such funds can be deposited. In addition, said section appears to authorize additional trust funds to be created by the Budget Commission.
“Your written opinion on this point would clarify my executive power to receive and disburse contributions from citizens of this state in furtherance of Sections 1 and 6 [of Article IV] of the Florida Constitution.”
In our advisory opinion to you filed June 20, 1967, Fla., 200 So.2d 534, in response to your earlier request of June 5, 1967, for an advisory opinion, we advised *227 that our laws require that all private contributions accepted and received by the state or* any of its officials shall be promptly deposited in the State Treasury.
You were in effect advised, and we here repeat:
1. Employment of gubernatorial special investigators, without police power, under Section 14.06, Florida Statutes, F.S.A., is a public function, for the support of which you, as Governor, may receive contributions of money from private sources.
2. Under existing statutes, these contributions may be received by you, as Governor, without preliminary authorization from the Budget Commission. However, immediately upon receipt thereof they become public funds which must be identified as to source and promptly deposited in the State Treasury to be held in a trust account for the specific use for which they are contributed.
3.Thereafter, they cannot be disbursed from the Treasury except pursuant to specific legislative authority or alternatively pursuant to Budget Commission authorization to execute the trust as provided by the statutes quoted in our opinion of July 20, 1967.
Respectfully yours,
STEPHEN C. O’CONNELL
Chief Justice
ELWYN THOMAS
B. K. ROBERTS
E. HARRIS DREW
CAMPBELL THORNAL
MILLARD F. CALDWELL
RICHARD W. ERVIN
Justices