QUESTION:
Is a division of the Department of Health and Rehabilitative Services authorized to expend trust funds for a fixed capital outlay project when the legislature has not specifically authorized the project and appropriated funds therefor?
SUMMARY: Trust funds received by a state agency from private sources and from federal grants may not be disbursed for a fixed capital outlay project except pursuant to specific legislative authority or, alternatively, pursuant to Administration Commission authority for a specific use or purpose authorized by law, as provided by s. 215.32, F.S.
It is, of course, constitutionally impermissible for money to be withdrawn from the state treasury except in pursuance of an appropriation made by law. Article VII, s. 1, State Const.; State ex rel. Kurz v. Lee, 163 So. 859 (Fla. 1935); AGO's 071-28 and 073-420. And, under the so-called Five Fund Act, Ch. 22833, 1945, Laws of Florida, (carried forward, as amended, as ss. 215.31 and215.32, F.S.), unless specifically provided otherwise by law, all moneys received by a state agency must be deposited in the state treasury — in either the general revenue fund, a trust fund, the working capital fund, or the Federal Revenue Sharing Fund. See Advisory Opinion to the Governor, 200 So.2d 536, 201 So.2d 226
(Fla. 1967), concerning private contributions for a particular public purpose; cf. AGO 072-193, relating to campus concession and other similar funds collected by our state universities.
Prior to the adoption of the Five Fund Act, it was settled that to be a valid "appropriation" within the purview of the constitutional mandate referred to above, it was not necessary for a specific sum to be designated for a particular purpose in the regular appropriations act and that an appropriation could validly be made "by setting apart and specially appropriating the money derived from a particular source of revenue to a particular use." Lainhart v. Catts, 75 So. 47, 54 (Fla. 1917). Accord: Carlton v. Mathews, 137 So. 815, 836 (Fla. 1931). The "trust fund" provision of the Five Fund Act recognized this principle by providing for the disbursement of such funds "as provided by the Biennial Appropriation Bill or as provided in the trust provisions under which such monies are received." (Emphasis supplied.) As amended by Ch. 65-266, Laws of Florida, s. 215.32, supra, defines trust funds as "monies received by the state which under law or under trust agreement are segregated for a purpose authorized by law," and authorizes the Administration Commission of the Department of Administration (the Budget Commission, prior to the Governmental Reorganization Act of 1969) to establish any trust fund it deems necessary "to preserve the integrity of any monies received or collected by a state agency for a specific use or purpose authorized by law." (Emphasis supplied.) It also expressly appropriates these trust funds for the purpose for which they were received, "subject always to other applicable laws relating to the deposit or expenditure of monies in the state treasury."
In sum, as noted in Advisory Opinion to the Governor,201 So.2d 226, ordinarily, moneys received by state agencies from private contributions for a specified purpose
". . . become public funds which must be identified as to source and promptly deposited in the State Treasury to be held in a trust account for the specific use for which they are contributed.
Thereafter, they cannot be disbursed from the Treasury except pursuant to specific legislative authority or alternatively pursuant to Budget Commission authorization to execute the trust as provided by the statutes quoted in our opinion of July 20, 1967." [200 So.2d 534, citing ss. 215.31 and 215.32, F.S.] Accord: Attorney General Opinion 064-176, as to grants of federal funds.
As emphasized in the quotation from s. 215.32, supra, trust funds deposited in the state treasury may be disbursed by state warrants only pursuant to specific legislative authority or under administration commission authority for a specific use or purpose authorized by law. And, as noted in AGO 071-28,
"To perform any function for the state or to expend any monies belonging to the state, the officer seeking to perform such function or to incur such obligation against the monies of the state must find and point to a constitutional or statutory provision so authorizing him to do."
No provision of law has been found which specifically authorizes the Division of Vocational Rehabilitation or its Bureau of Blind Services or any other division of the Department of Health and Rehabilitative Services to construct buildings to carry out the programs of the department. It is generally held that the construction of public works and the conditions under which such work may or must be done are matters of legislative regulation. See 81 C.J.S. States s. 104, p. 1076; State v. Green, 116 So. 66,69 (Fla. 1928); 64 Am.Jur.2d Public Works and Contracts s. 2, p. 843; 63 C.J.S. Municipal Corporations s. 1039, p. 633. It would seem, therefore, that, absent specific legislative authority, an administrative agency of the state could not undertake the construction of state buildings to carry out its program, even though the proposed fixed capital outlay would be derived from trust funds contributed from private sources or the federal government for that particular purpose. Cf. State v. ex rel. Watson v. Caldwell, 23 So.2d 855 (Fla. 1945), and State v. Florida State Improvement Commission, 30 So.2d 97 (Fla. 1947), in which the court upheld, as against various attacks on constitutional grounds, the statute specifically authorizing the Improvement Commission to construct public buildings and issue revenue certificates payable from a special fund on warrants signed by the chairman of the commission to finance the construction; and State v. Florida Development Commission, 211 So.2d 8 (Fla. 1968), upholding the validity of revenue bonds issued to finance the construction of the so-called Capitol Center Project, pursuant to a legislative directive.
I find nothing in the applicable statutes which requires a different ruling as to the trust funds in question — which were, apparently, donated to the Division of Vocational Rehabilitation for the specific purpose of constructing additional facilities at the Daytona Beach Rehabilitation Center for the Blind. In so concluding, I have not overlooked the fact that s. 413.29, F.S., expressly authorizes the Division of Vocational Rehabilitation to accept and use gifts made either unconditionally or conditionally for carrying out the purposes of ss. 413.20-413.45, F.S., and [states that gifts] "may be so accepted and shall be held, invested, reinvested, and used in accordance with the condition of the gift." But s. 413.44 (adopted as a part of Ch. 59-385, Laws of Florida, relating to a program of self-care rehabilitation services to severely handicapped persons) expressly provides that funds, including federal funds and gifts, received for the purpose of carrying out the program must be deposited in the state treasury. Thus, s. 413.29, when read in the light of s. 413.44, is not inconsistent with the requirements of ss. 215.31 and 215.32, supra, that all moneys received by a state agency are to be deposited in the state treasury and disbursed in accordance with the trusts under which they were received; and it falls far short of providing specifically that such gifts are not required to be deposited in the state treasury and may be disbursed upon the warrant of some official other than the comptroller. In any event, s. 413.29 clearly contemplates that the gifts may be accepted and used only for a purpose authorized by law; and, as noted above, no provision authorizing the construction of buildings by the division has been found.
I am cognizant also of the fact that, under s. 215.311, F.S., funds "collected by and under the direction and supervision of" the division's Bureau of Blind Services for the purposes expressed in ss. 413.011, 413.041, and 413.051, id., are exempt from the requirement of s. 215.31, supra (that state agency revenues must be deposited in the state treasury), and that s. 413.011(10) expressly authorizes the bureau to receive moneys or properties by gift or bequest and disburse the same upon its own warrant for any purpose set forth in s. 413.011. But this statutory authority is subject to the proviso that the bureau is "without authority to bind the state to any expenditure or policy except such as may be specifically authorized by law." And it seems clear that the construction of capital improvements and fixed capital outlays therefor are policy matters that should be specifically authorized by law — either in the General Appropriations Bill, see Ch. 216, F.S., and Thomas v. Askew, 270 So.2d 707 (Fla. 1972), or by a law specifically so providing. No such specific authorization is found in s. 413.011, s. 413.041, or s. 413.051.