QUESTION: Must funds voluntarily given and received as reimbursement of investigative and other costs as a result of entering into assurances of voluntary compliance and/or consent orders with the Consumer Frauds Division of the State Attorney's Office be deposited in a trust fund by the State Treasurer pursuant to s. 215.32(1)(b) and (2)(b), F.S., in the name of the Consumer Frauds Division, State Attorney's Office, to be disbursed in accordance with the provisions of ss. 215.32(2)(b)3. and215.35, F.S.?
SUMMARY: Under Part II of Ch. 501, F.S., state attorneys have concurrent jurisdiction with the Department of Legal Affairs to enforce the Deceptive and Unfair Trade Practices Act when a complaint of violation of that act has been referred to them by the department or the department has otherwise authorized them to initiate legal action against a violator of that act; and for the support of which statutory authority and functions, they may keep the voluntary reimbursements of investigative and other costs given from private sources for the purpose of carrying out their statutory duties and functions. Upon receipt of any such voluntary reimbursements, the state attorney must promptly deposit them in the State Treasury and apply to the Administration Commission of the Department of Administration to establish an appropriate trust fund, in which such moneys shall be held for the specific use or purpose authorized by law for which reimbursements were made. Thereafter, any such trust funds shall be administered and paid out in accordance with the provisions of the trust so established and the provisions of Part II of Ch. 501, F.S., and the applicable fiscal laws of the state. The Florida Supreme Court has addressed itself to the issue you have raised. In Advisory Opinion to the Governor, 200 So.2d 534 (Fla. 1967), the Supreme Court responded to the following question: As Chief Magistrate of the State of Florida with a mandate to see that the laws be faithfully executed, do I have the executive power to receive and disburse contributions received from citizens of this state. . . ? The issue was whether a state official could receive contributions from private citizens which funds were specifically intended to be used for a governmental purpose. The court, at p. 536, stated: We find nothing in the State Constitution that precludes the receipt and use by the state or its officials of contributions from citizens provided the same are received and used for a public purpose in the manner authorized by the Legislature. The Legislature has done this by Section 215.32(2)(b), par. 1, F.S.A.
The court pointed out that the Florida Statutes are the source of the authority and functions of state officials for the support of which they may receive contributions of money from private sources, but that: F.S. Section 215.31, F.S.A., requires that all revenues received by any state officer from any source shall be promptly deposited in the State Treasury, properly accounted for by the Comptroller as to source, and that no money shall be paid from the Treasury except as provided by law. F.S. Section 215.32, F.S.A., provides in part: "(1) All moneys received by the state shall be deposited in the state treasury unless specifically provided otherwise by law and shall be deposited in and accounted for by the state treasurer and the comptroller within the following funds, which funds are hereby created and established: "(a) General revenue fund, (b) Trust funds, and . . . . * * * * * "(2)(b)1. The trust funds shall consist of moneys received by the state which under law or under trust agreements are segregated for a purpose authorized by law. The budget commission shall have the power and authority to approve the establishment of any trust fund it deems necessary to preserve the integrity of any moneys received or collected by a state agency for a specific use or purpose authorized by law. The state agency receiving or collecting such moneys shall be responsible for their proper expenditure as provided by law. * * * * * "215.32(2)(b)3. All such moneys are hereby appropriated for the purpose for which they were received, to be expended in accordance with the law or trust agreement under which they were received, subject always to other applicable laws relating to the deposit or expenditure of moneys in the state treasury." The court summarized that "[l]awful authority exists for the creation of a trust fund either by the Legislature or the budget commission for the purpose of receiving private contributions for persons or foundations . . . ," and that lawful authority exists for state officials to accept contributions for the purpose of carrying out the statutory functions and responsibilities of state officials and to have them deposited in the State Treasury and administered and paid out in accordance with the provisions of the trust and statutes aforementioned. In Advisory Opinion to the Governor, 201 So.2d 226
(Fla. 1967), the court responded to a request for clarification of its aforecited advisory opinion and s. 215.32, F.S., by reiterating that the laws of Florida require that all private contributions accepted or received by the state or any of its officials must be promptly deposited in the State Treasury, that although such contributions might be received by a state officer without any preliminary authorization from the precursor of the Administration Commission, immediately upon their receipt they become public funds which must be identified as to source and promptly deposited in the State Treasury to be held in a trust account for the specific use for which they were contributed. Thereafter, such funds could not be disbursed from the treasury except pursuant to specific legislative authority or alternatively pursuant to Administration Commission authorization to execute the trust as provided by appropriate enabling legislation and s.215.32. The purpose referred to in Advisory Opinion to the Governor, 200 So.2d 534 and 201 So.2d 226, was pursuant to ss.14.01 and 14.06, F.S., which allowed employment of persons deemed necessary to procure and secure protection to life, liberty, and property of the inhabitants of the state or to protect the property of the state. In this case, it would seem that under Part II, Ch. 501, F.S., the state attorney has concurrent jurisdiction with the Department of Legal Affairs to exercise the investigatory and enforcement powers and to perform the duties and functions granted or imposed by the Florida Deceptive and Unfair Trade Practices Act. The powers of the Department of Legal Affairs may be exercised by the state attorney when the department has referred a complaint of violation of the act to the state attorney or has otherwise authorized him to initiate legal action against a violator of that act. See AGO 073-459. Upon receipt of the voluntary reimbursements of investigative and other costs in question, the state attorney must promptly deposit them in the State Treasury to be credited to the appropriate fund and then the state attorney must apply to the Administration Commission of the Department of Administration to establish an appropriate trust fund as provided by s. 215.32(2)(b), F.S., in which such moneys shall be held for the specific use or purpose authorized by law for which the reimbursements were made. Thereafter such trust funds shall be administered and paid out in accordance with the provisions of the trust so established and the provisions of Part II, Ch. 501, F.S., and applicable fiscal laws of the state. The Administration Commission of the Department of Administration (by the language of s. 215.32(2)(b), F.S.), is not mandated to create such a trust fund, and in exercise of its reasonable discretion could decline to establish such a trust in appropriate circumstances. In the latter event, such voluntary reimbursements of necessity would have to be deposited in and credited to the General Revenue Fund and accounted for by the state fiscal officers as unallocated funds subject to the General Appropriations Act or other specific legislative authorization.