George T. Dunlap III City Attorney Bartow
QUESTION:
Are municipal pension trust funds for municipal firemen and policemen under Chs. 175 and 185, F. S., respectively, `public moneys' within the purview of s. 659.24(1), F. S.?
SUMMARY:
Municipal pension or retirement trust funds for municipal firemen and policemen provided for under Chs. 175 and 185, F. S., respectively, are `public moneys' or public funds within the purview of s. 659.24(1), F. S., and deposits of such moneys in bank depositories are governed by the provisions thereof and any applicable regulations of the Department of Banking and Finance.
Your question is answered in the affirmative.
Section 659.24(1), F. S., provides in pertinent part:
 Banks shall be depositories of public moneys under such regulations as may be prescribed by the department [of Banking and Finance] . . . . The department [of Banking and Finance] shall require banks so designated to give satisfactory security by the deposit of bonds of the United States, the state or political subdivisions or other satisfactory security for the safekeeping and prompt payment of the public moneys deposited . . . . (Emphasis supplied.)
Section 659.24(3), F. S., states that any notes, bonds, or other securities other than shares of stock in which a state bank is authorized by law or regulation to invest its funds shall be accepted as satisfactory security for the deposit of funds
 . . . for the safekeeping and prompt payment of moneys deposited, and for the faithful performance of duties as financial agents, whether such moneys so deposited be funds of, or under the control of, the state or any political subdivision thereof, any municipality, or of any district, commission, board, or body, whether corporate or otherwise, created by or pursuant to the provisions of the constitution or any statute of the state, or of any officer of any of the foregoing. (Emphasis supplied.)
 See also s. 659.24(2), F. S., which states that, notwithstanding any statute, ordinance, rule, or regulation of the state or any political subdivision or officers thereof or of any municipality, commission, board, or body created by or pursuant to any statute, or of any of the officers of any thereof, requiring security for deposits of funds in the form of a surety bond or any other form, `security for such deposits shall not be required to the extent that such deposits are insured under the provisions of the Federal Deposit Insurance Act, as amended, or any amendments thereto'; and see s. 659.21, F. S.
 Public funds are generally defined as those moneys belonging to the state or a political subdivision thereof, or a municipal corporation, 25 Fla. Jur. Public Funds s. 1; C.J.S. Funds, p. 1404. See also AGO 072-272 stating:
 Where the applicable statutes and laws, establishing or providing for the establishment of the special taxing district, municipality or public corporation, are silent on the question of deposits of the money under its jurisdiction and as to depositories of and for such moneys, or do not otherwise provide to the contrary, then s. 659.24, F. S., . . . applies to such a governmental agency and its funds are within the provisions thereof.
See AGO 059-145 in which this office, although holding that the county depository law was inapplicable to an independent mosquito control district's funds, stated that
 [u]nquestionably, the funds of such districts are public moneys and as such, when placed on deposit with banks, are adequately secured against loss by the provisions of [s.] 659.24, Florida Statutes, . . . which designates banks as depositories of public monies under the regulation of the State Banking Commissioner. . . .
See also AGO 060-77, concluding that a special taxing district's depository accounts and its moneys or funds were governed by and within the purview of s. 659.24, F. S., in the absence of some applicable special or local law providing otherwise. Cf. State v. Town of North Miami, 59 So.2d 779, 785 (Fla. 1952), holding that, under the constitutional provision prohibiting the expenditure of public money for a private purpose, it does not matter whether the money is derived from ad valorem taxes or gifts or otherwise, it is public money and cannot be appropriated for a private purpose; and Advisory Opinion to the Governor, 201 So.2d 226, 227 (Fla. 1967).
Chapters 175 and 185, F. S., provide for the establishment of pension trust funds for firemen and policemen, respectively, in each municipality of the state. See ss. 175.041 and 185.03, F. S. The funds consist in part of moneys derived from municipal excise or license taxes levied upon fire insurance companies (Firemen's Pension Trust Fund), casualty insurers (Policemen's Pension Trust Fund), and other contributions made by municipalities and their employees. See generally ss. 175.091 and 185.08, F. S., regarding the creation and maintenance of these funds. These tax revenues are collected by the Insurance Commissioner and Treasurer and are payable to the municipality as appropriated annually. See ss.175.121 and 185.10, F. S. Any funds received by the municipality pursuant to Chs. 175 and 185 are to be paid immediately into the municipality's pension trust funds, see ss. 175.131 and 185.11, F. S.
The general administration and responsibility for the proper operation of these pension trust funds is vested in the boards of trustees. See generally ss. 175.071 and 185.06, F. S. See also ss.175.061 and 185.05, F. S., which statutorily provide for the composition of these boards. This office has previously concluded that the boards of trustees for these pension trust funds, created pursuant to Chs. 175 and 185, F. S., are municipal boards or agencies of the municipalities and are not autonomous entities.See AGO 074-109. This conclusion was based in part upon the consideration that the creation of these pension trust funds is generally considered to be part of the compensation for services to the municipality. See generally, 62 C.J.S. MunicipalCorporations s. 614(a); Voorhees v. City of Miami, 199 So. 313
(Fla. 1940); McQuillin Municipal Corporations s. 12.142. See also
AGO 074-217 in which I concluded that the apparent legislative grant of authority in ss. 175.291 and 185.29, F. S., by which the board of trustees may determine which actions may be brought by the city attorney on their behalf does not alter the board's status as a municipal board or agency. Moreover, upon termination of these pension trust funds, the remaining moneys are to be returned to the municipality `less return of state's contributions to the state, provided that, if the excess is less than the total contributions made by the municipality and the state to date of termination of the plan, such excess shall be divided proportionately to the total contributions made by the city and state.' Section 175.361(3)(d), F. S. See also s. 185.37, F. S., which contains a similar provision.
Thus, since a municipality cannot constitutionally assess and collect taxes for a private purpose or expend any public money for a private purpose regardless of the source from which derived, see
AGO 071-28; State v. Town of North Miami, supra, and since the establishment of these pension funds is authorized by general law, funded by excise tax revenues and contributions of other municipal funds and employee contributions and, upon termination of the pension trust funds, such funds or moneys are returned to the municipalities, less the return of the state's contribution to the state, I am of the opinion that the municipal pension trust funds in question are `public moneys,' or public funds governed by and within the purview of s. 659.24(1), F. S. See 62 C.J.S. MunicipalCorporations s. 614(d) (`a fund created by law for the purpose of providing pensions for firemen or their dependents is a public fund'); 3 McQuillin Municipal Corporations s. 12.145. See also
Tesch v. Board of Deposits of Wisconsin, 297 N.W. 379, 381 (Wis. 1941), in which the court concluded that a statute creating an annuity and benefit fund for municipal policemen and requiring the city treasurer as custodian of the fund to furnish a bond did not divorce such a fund from the status of a public fund within the statute relating to a public deposits guarantee fund; moreover, such an annuity fund was a public fund even though not usable for general governmental expenses since a municipality cannot constitutionally assess and collect taxes for a private purpose and since the collection of the fund is authorized by public law, paid to public officers, and deposited in a public depository.
Sections 175.301 and 185.30, F. S., require that the funds and securities of the respective pension trust funds
 . . . be deposited with the treasurer or depository of the municipality, who shall keep the same in a separate fund, and shall be liable for the safekeeping of same, under the bond given by him to the municipality, and he shall be liable in the same manner and to the same extent as he is liable for the safekeeping of the funds of the municipality. [Section 175.301, F. S.; emphasis supplied.]
See s. 1, Ch. 63-249, Laws of Florida, enacting s. 175.301, F. S., and the title thereto providing for `[d]eposit of funds and securities with municipal treasurer.' (Emphasis supplied.) From the title or heading of s. 175.301 and the language contained in the body thereof, it appears that the moneys and securities of the pension trust funds are to be deposited with the city treasurer.See Berger v. Jackson, 23 So.2d 265, 267 (Fla. 1945) (heading of section when provided by the Legislature is not to be classed with words or title used by compilers of statutes as sort of index to what section is about or has reference to, but it is the Legislature speaking and must be given due weight and effect); AGO 057-314; 82 C.J.S. Statutes s. 350. Section 185.30, F. S., contains substantially the same language as s. 175.301 although the title thereto which was not supplied by the Legislature differs from that contained in s. 175.301. Chapters 175 and 185, F. S., however, are silent as to the municipal depositories with which such trust funds are required to be deposited by the municipality. However, as I am of the opinion that these pension trust funds are municipal and public funds, these trust funds are to be deposited by the municipality or its treasurer, if any, as are other municipal funds or moneys although kept in a separate fund. As previously stated, where the applicable statutes establishing a special district, municipality, or public corporation are silent with respect to the question of deposits of the money under its jurisdiction and the depositories of and for such funds, then the provisions of s. 659.24, F. S., are applicable. Accordingly, it is my opinion that the provisions of s. 659.24 are applicable to and govern the deposits of all municipal funds, including the pension trust funds as municipal funds or `public moneys,' in bank depositories as prescribed by the provisions of that section and any applicable regulations of the Department of Banking and Finance.
It should be noted, however, that the terms `investment' and `deposit' are not synonymous and interchangeable. The word `investment' denotes `the placing of capital or laying out of money in a way intended to secure income or profit from its employment' while the word `deposit' denotes a `contractual relation between one delivering money or thing to bank and bank receiving it with implied agreement to pay it out on depositor's order or return it to him on demand.' Attorney General Opinions 075-57 and 064-111; cf. AGO's 074-169 and 073-244. The investment and reinvestment of the assets of the Municipal Firemen's Pension Trust Fund and the Municipal Police Officer's Retirement Trust Fund are powers committed to the governing boards of trustees of the respective trust funds. See ss. 175.071 and 185.06, F. S.
While the state cannot by statute compel a bank to accept public funds tendered for deposit, it can prescribe the manner in which such deposits shall be accepted and the obligations which shall arise on the part of the bank if it accepts such funds. 26A C.J.S.Depositories s. 7(c). Section 659.24(1), F. S., requires in pertinent part that banks designated as depositories of public moneys give satisfactory security by the deposit of bonds of the United States, the state or political subdivisions (including municipalities, see s. 1.01[9], F. S.), or other satisfactory security for the safekeeping and prompt payment of the public moneys deposited with them. Any notes, bonds, or securities other than shares of stock in which a state board is authorized by law or valid regulation to invest any of its funds will be accepted as satisfactory security for the deposit of funds. Section 659.24(3), F. S.
Moreover, s. 659.24(2), F. S., provides that security for such deposits of `public moneys' is not required to the extent that such deposits are insured under the provisions of the Federal Deposit Insurance Act, as amended. See12 U.S.C. § 1821(2)(A)(ii), which provides that the deposit by `an officer, employee or agent of any State of the United States, or of any county, municipality, or political subdivision thereof having official custody of public funds and lawfully investing or depositing the same in time and savings deposits in an insured bank in such State' shall be insured in an amount not to exceed $100,000 per account. See also s. 659.21, F. S. Thus, if the funds deposited are less than the amount insured by the Federal Deposit Insurance Corporation, additional security is not required; if, however, the funds deposited exceed the amount insured, then at least the excess amount over the federal insurance coverage of the deposit must be satisfactorily secured.
Prepared by: Joslyn Wilson, Assistant Attorney General