Ernest Ellison Auditor General Tallahassee
QUESTIONS:
1. Is the Board of Trustees of the Florida School for the Deaf and the Blind required by law to deposit moneys received by it pursuant to gifts or charitable bequests in the State Treasury or may it deposit such funds in an outside depository of its choice?
2. Is the Board of Trustees of the Florida School for the Deaf and the Blind empowered by law to manage and invest moneys received by it pursuant to gifts or charitable bequests or is such management and investment function reposed in the State Board of Administration?
SUMMARY:
The Board of Trustees of the Florida School for the Deaf and the Blind is empowered to accept gifts and bequests of moneys in furtherance of the duties, purposes, and functions of said school authorized by law. Immediately upon receipt of such funds, the same become public funds which must be identified as to source and promptly deposited in the State Treasury to be held in a trust account for the specific use for which they were contributed. The investment of such funds is, pursuant to s. 215.44(1), made the responsibility of the Board of Administration, and the Board of Trustees of the Florida School for the Deal and the Blind is without authority in law to separately deposit any gifts or bequests of moneys outside of the State Treasury or to independently invest any such gifts or bequests.
Pursuant to s. 242.331(4), F. S., the Board of Trustees of the Florida School for the Deaf and the Blind is invested with the full power and authority to effectuate the proper management, maintenance, support, and control of the Florida School for the Deaf and the Blind, subject however to the requirement in s. 242.331(3) that the board act at all times in conjunction with and under the supervision and general policies adopted by the State Board of Education. Your opinion request notes that the Florida School for the Deaf and the Blind in the name of the board of trustees has received gifts and bequests of moneys to be used in furtherance of the purposes and functions of the Florida School for the Deaf and the Blind. Your opinion request specifically is directed to the duties and responsibilities under law of the board of trustees upon receipt of such moneys as well as in connection with the management and investment of such funds.
Initially it is to be noted that the Board of Trustees of the Florida School for the Deaf and the Blind does have authority to receive such gifts and bequests of money. The Florida Supreme Court in the case of Advisory Opinion to the Governor,200 So.2d 534, 536 (Fla. 1967), held that no constitutional impediment existed to the receipt and use by the state or its officials of contributions from citizens `provided the same are received and used for a public purpose in the manner authorized by the legislature.' The court further noted that legislative authorization for the acceptance of such contributions existed pursuant to s. 215.32(2)(b)1. pursuant to which the Legislature created a fund within the State Treasury denominated `trust fund' which `shall consist of moneys received by the state which under law or under trust agreement are segregated for a purpose authorized by law.' The court in reaching its decision also referenced the requirements of s. 215.31 which requires that all revenues received under authority of law by any state official, office, employee, bureau, division, board, commission, institution, or agency shall be promptly deposited in the State Treasury except as otherwise provided by law.
In a clarification to the above-cited opinion, Advisory Opinion to the Governor, 201 So.2d 226 (Fla. 1967), the court held that gifts and contributions received by a state official pursuant to law:
 . . . immediately upon receipt thereof . . . become public funds which must be identified as to source and promptly deposited in the State Treasury to be held in a trust account for the specific use for which they were contributed.
 3. Thereafter, they cannot be disbursed from the Treasury except pursuant to specific legislative authority . . . . [supra at 227]
Pursuant to the above-referenced cases, the Board of Trustees of the Florida School for the Deaf and the Blind would be authorized to receive gifts and bequests of moneys for the furtherance of the functions and duties and responsibilities of the Florida School for the Deaf and the Blind as are authorized by law. Pursuant to Advisory Opinion to the Governor, 201 So.2d 226 (Fla. 1967) and ss. 215.31 and 215.32, such moneys immediately upon their receipt by the board of trustees become public funds which must be identified as to source and be promptly deposited in the State Treasury. Pursuant to s. 215.32(2)(b)1., such funds are to be held in the State Treasury in a trust fund for the specific use for which they were contributed. Pursuant to s. 215.32(2)(b)3., such moneys are automatically appropriated by the Legislature for the purpose for which they were received and their expenditure pursuant to law in accordance with the trust agreement under which they were received is authorized `subject always to other applicable laws relating to the deposit or expenditure of moneys in the State Treasury.'
The requirements of s. 215.31 that all revenues received by any state official, board, or institution be deposited in the State Treasury except `as otherwise provided by law' require express legislative authorization for the deposit of funds in a depository selected by any such board or official. An example of such express authorization is found in s. 402.18(1), F. S., which provides that:
 All moneys now held in any auxiliary, canteen, welfare, donated or similar fund in any state institution under the jurisdiction of any division under the Department of Health and Rehabilitative Services shall be deposited in the Welfare Trust Fund of that division, which fund is hereby created in the State Treasury, or in a place which the department shall designate.
In the duties and responsibilities of the Board of Trustees of the Florida School for the Deaf and the Blind as enumerated by the Legislature in s. 242.331, no such express authorization is provided to depart from the mandatory legislative requirements embodied in ss. 215.31 and 215.32. Consequently, the first question posed at the outset of this opinion is answered in accordance with the mandatory legislative requirement that such gifts and bequests of moneys to the Board of Trustees of the Florida School for the Deaf and the Blind be immediately deposited upon receipt in the State Treasury to be held in a trust account for the specific use for which they were contributed.
The legislative authorization for the investment of the public moneys of a state agency is found in s. 215.44(1) which provides:
 Except where otherwise specifically provided by the State Constitution and subject to any limitations of the trust agreement relating to a trust fund, the Board of Administration, hereinafter sometimes referred to as `board,' composed of the Governor as chairman, the State Treasurer, and the State Comptroller, shall invest all the trust funds and all agency funds of each state agency, as defined in s. 216.011, to the fullest extent that is consistent with the cash requirements and investment objectives of the particular trust fund or agency fund.
Section 216.011(1)(e) defines a state agency as `any official, officer, commission, board, authority, council, committee, or department of the executive branch . . . .'
The Florida School for the Deaf and the Blind is an educational institution owned by the State of Florida and constitutes a part of the executive branch of government. See s. 2, Art. IX, State Const., s. 242.331, and AGO 075-150. Further, the Board of Trustees of the Florida School for the Deaf and the Blind is likewise a part of the executive branch of state government and pursuant to s. 242.331(3) is required to act at all times in conjunction with and under the supervision of and general policies adopted by the State Board of Education, which is the head of the Department of Education. See s. 20.15(1).
Consequently, the Board of Trustees of the Florida School for the Deaf and the Blind clearly falls within the definition of a state agency pursuant to s. 216.011(1)(e), and investment of trust funds and agency funds of the Florida School for the Deaf and the Blind is governed by s. 215.44(1). Pursuant to s. 215.49(1) it is the duty of each state agency charged with the administration of funds referred to in s. 215.44 to make such moneys available for investment as fully as is consistent with the cash requirements of the particular fund and it must transfer such funds to the board for investment. Since statutory authority does not exist for the deposit outside of the State Treasury of gifts and bequests of money to the Board of Trustees of the Florida School for the Deaf and the Blind, and since administrative bodies are purely creatures of the Legislature and are limited to the exercise of those powers provided by the legislative enactments creating such bodies, Edgerton v. International Company, 89 So.2d 488 (Fla. 1956), and State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), the Board of Trustees of the Florida School for the Deaf and the Blind is without authority in law to independently invest (or separately deposit outside of the State Treasury) any moneys received from such gifts or bequests. Consequently, your second question posed at the outset of this opinion is answered in favor of the investment power over trust funds and agency funds of the Florida School for the Deaf and the Blind being reposed solely, in accordance with s. 215.44(1), in the Board of Administration.
Prepared by: Harold F. X. Purnell, Assistant Attorney General