Mr. Doug Jamerson, Secretary Florida Department of Labor and Employment Security Hartman Building, Suite 303 2012 Capital Circle, Southeast Tallahassee, Florida 32399-2152
Dear Secretary Jamerson:
You ask substantially the following questions:
1. May the Division of Blind Services place moneys received by gift or bequest pursuant to section 413.011(1)(j), Florida Statutes (1996 Supplement), with a bank trust department or other financial services organization for professional management?
2. If so, must the division use the procurement procedures in Part I, Chapter 287, Florida Statutes, in securing such services?
In sum:
1. While money received by the Division of Blind Services as a gift or bequest may be placed with a bank or savings association to facilitate the issuance of warrants for carrying out the purposes listed in section 413.011, Florida Statutes (1996 Supplement), the division has no authority to invest such moneys for the sole purpose of generating interest or dividend income. It would appear, therefore, that the division would not require professional management services provided by a trust department or other financial services organization.
2. In light of the response to Question One, no response is necessary.
Question One
Section 413.011(1)(j), Florida Statutes (1996 Supplement),[1]
authorizes the Division of Blind Services in the Department of Labor and Employment Security, to
"[r]eceive moneys or properties by gift or bequest from any person, firm, corporation, or organization for any of the purposes herein set out, but without authority to bind the state to any expenditure or policy except such as may be specifically authorized by law. All such moneys or properties so received bygift or bequest as herein authorized may be disbursed and expendedby the division upon its own warrant for any of the purposesherein set forth, and such moneys or properties shall not constitute or be considered a part of any legislative appropriation made by the state for the purpose of carrying out the provisions of this law."(emphasis supplied).
The Legislature has recognized that gifts and bequests received by the division are not treated in the same manner as a legislative appropriation and that they may be disbursed and expended directly by the division for the purposes set forth in the statute.[2]
Moreover, section 215.311, Florida Statutes, states:
The provisions of s. 215.31 shall not apply to funds collected by and under the direction and supervision of the Division of Blind Services of the Department of Labor and Employment Security as provided under ss. 413.011, 413.041, and 413.051; however, nothing in this section shall be construed to except from the provisions of s. 215.31 any appropriations made by the state to the division.[3]
Thus, the Legislature has clearly provided for special treatment of gifts and bequests received by the Division of Blind Services such that they are not considered state funds that must be deposited in the State Treasury or appropriated by law.
It is a well established principle of law that administrative agencies have no common law or inherent powers, but rather have only such authority as has been expressly or by necessary implication granted or conferred on them by law.[4] Although the division has not been expressly granted the authority to deposit funds in a managed account, the division's authority to expend the funds by its own warrant would appear necessarily to include the ability to maintain the funds in an account.[5]
While moneys given or bequeathed to the division are not considered "state funds" that must be deposited in the State Treasury, nothing would alter their character as public moneys.[6]
Section 658.60(1), Florida Statutes, provides:
"Banks shall be depositories of public moneys; they may also be employed as financial agents of the state and its political subdivisions, and they shall perform such reasonable duties as such depositories and financial agents as may be required of them. Banks so designated shall give satisfactory security for the safekeeping and prompt payment of the public moneys deposited with them and for the faithful performance of their duties as financial agents of the state and its political subdivisions as provided in chapter 280. . . ."
For purposes of this section, the term "bank" is defined as "any person having a subsisting charter or other lawful authorization, under the laws of this or any other jurisdiction, authorizing such person to conduct a general commercial banking business."[7]
Section 658.12(2), Florida Statutes, specifically excludes credit unions and associations from the definition of a bank.[8]
Further, section 280.03(1), Florida Statutes, recognizes that all "public deposits" must be secured as provided in Chapter 280, Florida Statutes, and states that "no public deposit may be made except in a qualified public depository." The term "public deposit" includes moneys of the state, including any of its agencies, boards, bureaus, commissions, and institutions.[9] Thus, while the gifts and bequests received by the division are not state funds, as discussed above, such moneys would appear to qualify as a public deposit that may be placed only in a qualified public depository.[10] A "qualified public depository" is
"any bank or savings association organized and existing under the laws of this state and any bank or savings association organized under the laws of the United States that has its principal place of business in this state or has a branch office which is authorized under the laws of this state or of the United States to receive deposits in this state, that meets all of the requirements of this chapter, and that has been designated by the Treasurer as a qualified public depository."[11]
Thus, funds received by the division are public moneys that must be handled in the manner prescribed by law and placed only in qualified depositories.
The ability to place the funds in an account in order to issue warrants for the purposes set forth in section 413.011, Florida Statutes, however, does not necessarily include the substantive power to invest public moneys for the sole purpose of generating dividends or interest. In the absence of specific statutory authority to invest public moneys, I cannot conclude that the Division of Blind Services possesses such authority independently or as a necessary incident to the specific powers it exercises.[12] In contrast, there are numerous statutes expressly authorizing the investment of funds by specified entities.[13] It may be advisable, therefore, in order for the division to be authorized to make investments of funds it receives, to seek a legislative amendment of the division's enabling legislation.
Accordingly, it is my opinion that money received by the Division of Blind Services as a gift or bequest may be placed with a bank or savings association in order to facilitate the issuance of warrants for carrying out the purposes listed in section 413.011, Florida Statutes (1996 Supplement); however, the division lacks the authority to invest such moneys with a bank trust department or other financial services organization for professional management for the sole purpose of generating dividends or interest.
Question Two
In light of the answer above, no response to this question is necessary.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1028, Senate Bill 440, amended section 413.011(2), Fla. Stat., to recognize gender diversity on the Advisory Council for the Blind.
[2] Section 413.011(1), Florida Statutes (1996 Supp.), prescribes the activities allowed to be executed by the division and dictates that the structure of the division "shall be designed for the purpose of insuring the greatest possible efficiency and effectiveness of services to the blind and to be consistent with chapter 20."
[3] Section 215.31, Florida Statutes, provides that all revenue collected or received under the authority of the state laws by every state official, office, employee, bureau, division, board, commission, institution, or entity is considered to be state funds that are required to be deposited in the State Treasury, credited to the appropriate fund, accounted for by the Department of Banking and Finance, and paid only as appropriated and provided by general appropriation or as otherwise provided by law.
[4] See, St. Regis Paper Company v. State, 237 So.2d 797 (Fla. 1st DCA 1970), affirmed, 257 So.2d 253 (Fla. 1971).
[5] Cf., Op. Att'y Gen. Fla. 79-91 (1979), in which this office concluded that the Division of Blind Services is not authorized to lease real property received by it as a gift or bequest to a nonprofit corporation for use in establishing educational programs for the retarded or drug rehabilitation programs, uses that do not further the purposes to be performed by the division.
[6] Cf. State v. Town of North Miami, 59 So.2d 779, 785 (Fla. 1952), holding that, under the constitutional provision prohibiting the expenditure of public money for a private purpose, it does not matter whether the money is derived from ad valorem taxes or gifts or otherwise, it is public money and cannot be appropriated for a private purpose; and Advisory Opinion to theGovernor, 201 So.2d 226, 227 (Fla. 1967).
[7] See, s. 658.12(2), Fla. Stat.
[8] See, ss. 665.012(1) and 665.0211, Fla. Stat., defining "association" as a capital stock association, such as a savings association, savings bank, or a savings and loan association subject to the provisions in Chapter 665, Florida Statutes.
[9] Section 280.02(13), Fla. Stat. (1996 Supp.).
[10] See, Op. Att'y Gen. Fla. 72-272 (1972) stating:
"Where the applicable statutes and laws, establishing or providing for the establishment of the special taxing district, municipality or public corporation, are silent on the question of deposits of the money under its jurisdiction and as to depositories of and for such moneys, or do not otherwise provide to the contrary, then s. 659.24, F. S. [now s. 658.60] applies to such a governmental agency and its funds are within the provisions thereof."
[11] Section 280.02(16), Fla. Stat. (1996 Supp.).
[12] See, Department of Environmental Regulation v. Falls ChaseSpecial Taxing District, 424 So.2d 787, 793 (Fla. 1st DCA 1982),review denied, 436 So.2d 98 (Fla. 1983):
"An agency has only such power as expressly or by necessary implication is granted by legislative enactment. An agency may not increase its own jurisdiction and, as a creature of statute, has no common law jurisdiction or inherent power such as might reside in, for example, a court of general jurisdiction."
Cf., s. 18.125(1), Fla. Stat. (1996 Supp.), authorizing the Treasurer, with the approval of a majority of the State Board of Administration, to invest all general revenue funds and all trust funds and agency funds by prescribed procedures; and s. 18.125(2), Fla. Stat. (1996 Supp.), stating:
"By and with the consent and approval of any constitutional board, the judicial branch, or agency now having the constitutional powerto make investments and in accordance with this section, the Treasurer shall have the power to make purchases, sales, exchanges, investments, and reinvestments for and on behalf of any such board." (e.s.)
[13] See, ss. 240.299 and 240.331, Fla. Stat. (direct-support organizations authorized to invest property for benefit of state universities and community colleges); s. 267.17, Fla. Stat. (citizen support organizations for historical resources authorized to invest in their own names securities, funds and other property); s. 265.261, Fla. Stat. (John and Mable Ringling Museum of Art direct-support organization authorized to invest property); s. 370.0205, Fla. Stat. (citizen support organization for conservation, reclamation and use of natural resources authorized to invest in its own name securities, funds, objects of value or other property); and s. 960.002, Fla. Stat. (direct-support organization to assist victims of adult and juvenile crime authorized to invest property).