**STATE OF FLORIDA, ex rel. J. TOM WATSON, Attorney General, v.
MILLARD F. CALDWELL, Governor et al.**

23 So. (2nd) 855                                         June Term, 1945
November 30, 1945                                            En.Banc
Rehearing denied Dec. 21, 1945

J. Tom Watson, Attorney General, *Sumter Leitner*, *T. Paine Kelly,* Assistant Attorneys General, for relator.

B. A. Meginniss, for respondents.

*John E. Mathews,* amicus curiae.

TERRELL, J.:

The legislature of 1945 enacted Chapter 22821, creating the Florida State Improvement Commission, hereafter called the Commission and defining its powers and duties. On petition of the Attorney General Quo Warranto was directed to Respondents as members of the Commission, commanding them to show cause why they should not be ousted from office and enjoined from further exercising the duties imposed on them as such. The cause now comes on to be heard on demurrer and return to the writ of Quo Warranto.

It is first contended that Chapter 22821, is void and unconstitutional because it designates the chairman of the State Road Department as a member of the Commission and in so doing, trenches on the power of the Governor to appoint and suspend officers for designated causes, contrary to Section 27, Article three of the Constitution.

This question is answered contrary to the contention of Relator in Whitaker v. Parsons, 80 Fla. 352; 86 So. 247; State ex rel. Amos v. Mathews, 99 Fla. 1, 126 So. 308, and Singleton v. Knott, 101 Fla. 1077, 133 So. 71, the gist of the holding in all these cases being that State and County officers may be created and the duties of the holders defined by statute or the

Constitution. These cases are also authority for the doctrine that the legislature may impose additional powers and duties on both constitutional and statutory officers so long as such duties are not consistent with their duties imposed by the Constitution. This court has accordingly approved the rule that the legislature may make an existing officer the member of another and different board by enlarging his duties. If the chairman of the Road Department should be suspended as such he would likewise be suspended as a member of the Commission.

It is next contended that Section three of Chapter 22821, contravenes Sections two and three of Article nine of the Constitution in that it attempts to grant power to the Commission to impose a tax for the use and occupancy of State property without any limitation or the rate of. levy, the amount collected, or the amount of the indebtedness undertaken.

This question proceeds on the assumption that authority on the part of the Commission to fix rentals, tolls and charges for the use of public buildings that it may construct is tantamount to imposing a tax, but we find nothing in the act to support this contention. Neither is there anything about these rental charges that savors of a tax, as contemplated by Sections 2 and 3, Article nine of the Constitution.

In this connection it is further contended that Section 3 of Chapter 22821 contravenes Section 4, Article nine of the Constitution, providing that "no money shall be drawn from the Treasury except in pursuance of appropriation made by law."

The answer to this contention is that the funds involved in this act are not funds "in the treasury," as contemplated by Section 4 of Article nine. The state Treasurer is holder and dispenser of these funds but is merely their custodian and does not hold them as State Treasurer. The Mayor of Tallahassee could have as appropriately been designated. Lainhart v. Catts, 73 Fla. 735, 75 So. 47, Bannerman v. Catts, 80 Fla. 170, 85 So. 336.

It is next contended that Section three of Chapter 22821 contravenes Section 6, of Article nine of the Constitution in

that it authorizes the issuance of State bonds for a purpose other than to repel invasion or suppress insurrection and binds state properties for the payment of such bonds.

The purpose of Chapter 22821 was declared therein to be as follows:

"The purpose of this chapter is to create a State Agency primarily to make possible and facilitate the acquisition, construction, maintenance and operation of public buildings, facilities and works where such buildings, works or facilities *are for a state purpose;* to assist in effectuating postwar planning and construction; to relieve unemployment; to accept and use in carrying out the purposes and intent of this Chapter loans or grants of money appropriated by the Congress of the United States or that may be appropriated available for such loans or grants, and for objects or purposes designated or approved by congress; and to promote the general welfare."

The Act otherwise provides in terms that the obligations and securities undertaken shall not under any theory bind the State of Florida and "shall be solely and only the obligations of the Commission in its corporate and representative capacity and shall be secured only by such revenues as shall be pledged as security for the payment thereof." It would hardly be possible to express the non-liability of the State more conclusively.

If by any process of reasoning the Act authorized the Commission to create a lien or in any other manner to bind State property, it would be void, but by the very terms of the Act, its notes, bonds or other obligations "shall be secured only by such revenues as shall be pledged as security for the payment thereof," and none of these can under any theory be construed as obligations of the State. The law is settled in this state that evidences of debt secured solely from rents and facilities of the Commission are not bonds that must be approved by the freeholders as required by Section 6, Article 9 of the Constitution. Hopkins v. Baldwin, 123 Fla. 649, 167 So. 677; Brash vs. State Tuberculosis Hospital, 124 Fla. 652; 169 So. 218.

It is next contended that Section 3 of Chapter 22821 contravenes Article two of the Constitution in that it attempts to delegate to the Commission legislative and judicial powers.

It is well settled that the legislature cannot clothe an administrative agency like the Commission in this case with legislative or judicial powers. An inspection of the act reveals nothing that savors of an attempt to do this except the power to prescribe "reasonable regulations" for use, rental and occupancy of the buildings and facilities provided by them. Authority to make rules and regulations to effectuate a legislative power is too well recognized to admit of discussion and is not an impairment of the doctrine of non delegation of powers.

It is finally contended that Section 4 of Chapter 22821 contravenes Sections 23 and 24 of Article four of the Constitution in that it authorizes the disbursement of public funds without the audit and approval of the Comptroller or counter signature of the Governor.

Section four of Chapter 22821 designates the State Treasurer as "ex officio treasurer of the Commission" and "custodian of all moneys, securities and bonds belonging to the Commission." Moneys appropriated to the commission from the State Treasury should be drawn in the manner provided by law. The Commission however derives its revenues from rentals on projects it constructs, from grants by Congress and other sources and from appropriations by the State. The revenues of the Commission are held in trust for the State to be used as Chapter 22821 directs, that is to say to pay for projects constructed, and holders of its obligations have no recourse against the State or State funds whatever. Its funds may be withdrawn on warrants signed by the chairman of the Commission and counter-signed by its Secretary.

In State ex rel. Amos v. Matthews, supra, this court defined the rules for construing a statute like that in question and in Gray v. Central Florida Lumber Co. 104 Fla. 446, 140 So. 320, we defined the hurdles that must be overcome to declare an act invalid. It is our judgment that the act assaulted

is valid by every test applied in both these cases so the demurrer to the writ of Quo Warranto is sustained and the writ is quashed.

It is so ordered.

CHAPMAN, C. J., BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.