**STATE OF FLORIDA v. FLORIDA STATE IMPROVEMENT COMMISSION, an agency of the State of Florida**

30 So. (2nd) 97                                                   January Term, 1947
April 18, 1947                                                              En Banc

*Orion C. Parker,* for appellant.

*B. A. Meginniss* and *John T. Wigginton,* for appellee.

TERRELL, J.:

This appeal is from a decree validating revenue certificates issued by the Florida State Improvement Commission to finance the construction of an office building in Tallahassee, sometimes referred to as the Florida Industrial Commission building. Said certificates are payable over a period of twenty-two years in equal installments from the income or rental or such portion of the proposed building as the lessee. may see fit to rent, but may be discharged on any interest payment date ten years from date of issue.

Before the certificates were issued there was a finding by the Board of Commissioners of State Institutions and the Florida State Improvement Commission that there existed an accute shortage of office space in Tallahassee and that the expanding needs of state agencies required the construction of the building. In order to secure adequate funds to service these certificates, the Florida State Improvement Commission has entered into contract with the Florida Industrial Commission for a twenty year lease on the building under the terms of which the Florida Industrial Commission will occupy the major portion thereof, paying a stipulated rental therefor, and such portion as it does not occupy it will lease to other state agencies. In addition to the stipulated annual rental, the lessee agrees to pay the sum of $50,000.00 annually in the form of advanced rental charges for a period of ten years. It is estimated that under the financial plan outlined, the certificates will be completely liquidated within a period of thirteen years.

The sources available to the Florida Industrial Commission to meet its obligation on the lease are (1) Rentals from office space which it does not require but leases to other state agencies, (2) Funds collected by authority of Chapter 440.57, Florida Statutes 1941 for the administration of the Workmens Compensation Division of the Industrial Commission, and (3)

Funds realized from the Federal Government pursuant to the provision of Title Three of the Social Security Act. It appears that in Florida and other States with similar unemployment compensation law, employers are allowed to offset against the Federal Tax three per cent of the pay roll, an amount not exceeding 90 per cent thereof. In Florida this amounts to 2.7 per cent on pay rolls and is the source of this fund. After all is said, it is a Federal fund allocated for administrative expenses.

The face of the revenue certificates and the resolution authorizing them provides that they are not bonds of the State enforceable against the State, nor shall their payment be enforced out of any funds of the Florida State Improvement Commission other than the income and revenue pledged to the holders of the certificates, and that no holder of any of them shall ever have the right to force payment of principal or interest thereon by the taxing power of the State or from the sale of any state property, nor shall such certificates or any of them constitute a charge, lien or incumbrance against any property of the State or the Florida State Improvement Commission, other than the revenues derived from the operation of the building.

It is first contended that the revenue certificates drawn in question are invalid because they are to all intents and purposes bonds payable from State funds and are condemned by Section 6, Article IX of the constitution.

The general powers of the Florida State Improvement Commission are defined by Chapter 420.06, Florida Statutes of 1941, and comprehends the construction of needed public buildings and the issuance of revenue certificates to finance their construction. Section 6, Article IX of the Constitution prohibits the issue of State Bonds for any purpose other than to repel invasion or to suppress insurrection. Counties, Districts and Municipalities may issue bonds only by approval of a majority of votes cast in an election in which a majority of the freeholders who are qualified electors shall participate.

The question of whether or not the revenue certificates are bonds condemned by Section 6, Article IX of the Constitution turns on the point of whether or not the funds paid as rentals

under the lease contract between Florida State Improvement Commission and the Florida Industrial Commission are State funds derived from taxation or other sources, obligating the State directly or indirectly to service the certificates.

As heretofore pointed out, Chapter 420.06, Florida Statutes 1941, authorizes the Florida Improvement Commission to contruct public buildings and pledge the rentals realized on them for the payment of revenue certificates issued for their construction. Such authority has been approved by this Court. State el rel Watson v. Caldwell, 156 Fla. 618, 23 So. (2) 855; Hopkins v. Baldwin, 123 Fla. 649, 167 So. 677; Brash v. State Tuberculosis Board, 124 Fla. 652, 169 So. 218.

Appellant tacitly admits that the last cited cases conclude the point of whether or not sums received in consideration for sub rentals for office space not used by the Florida Industrial Commission and rental allowances made by the Federal Government for the operation of the unemployment compensation Division and the Employment Service Division of the Industrial Commission may be used to service the revenue certificates brought in question, since no assault is made on the use of the funds derived from these sources.

The weight of the assault here is directed to the point of whether or not that portion of the rental paid from the administration fund of the Workmens Compensation Division is a State tax, pledged for the payment of rentals used in liquidating the revenue certificates drawn in question. An affirmative answer to this question would invalidate the certificates but we think it requires a negative answer.

Chapter 440.51 (b), Florida Statutes, 1941, is the authority for imposing this assessment and is as follows:

"(b) The total expenses of administration shall be prorated among the insurance companies writing compensation insurance in the State, and self-insurers. The gross earned premiums collected by the companies and the amount of premiums, a self-insurer would have to pay if insured, are the basis for computing the amount to be assessed. This amount may be assessed as a specific amount or as a percentage of gross earned premiums payable as the commission may direct,

provided, however, such amount so assessed shall not exceed three per cent of such gross earned premiums."

Casual inspection of this statute discloses that it is not a uniform levy imposed on all in like situations but that it is a semi-annual levy by the Florida Industrial Commission on employers operating in the State who voluntarily accept the provisions of the act and the protection it gives. No employer is required to become a self-insurer or to purchase workmens compensation insurance to protect him in the event of injury to his employees. If he elects not to operate under the act, he is not required to pay the assessment. If he elects to place himself under the provisions of the act, then the premium he pays is subject to the assessment to raise funds for its administration.

The legislature apparently took this view by its enactment of Chapter 440.50, Florida Statutes of 1941, as follows:

"(1) There is established in the state treasury a special fund for the purpose of providing for the payment of all expenses in respect of the administration of this Chapter. Such fund shall be administered by the commission. The state treasurer shall be the custodian of such funds and all moneys and securities in such fund shall be held in trust by such treasurer and *shall not be the money or property of the state.*"

Here we have a clear declaration that these funds are not the property of the state but that they shall be administered by the Commission, the State Treasurer being the mere custodian of them for that purpose. They are trust funds held in like category as funds held and administered by the Board of Commissioners of Everglades Drainage District in the drainage of the Everglades. Lianhard v. Catts, 73 Fla. 735, 75 So. 47. These funds never reach the state treasury as state funds; are never available for the general purposes of the state, but are solely for the use of the Florida Industrial Commission. They are similar to funds allocated to the Florida Improvement Commission that were discussed in State ex rel Watson v. Caldwell, supra. Under such a state of facts we can conceive of no theory by which these funds could be called state funds, and thereby immunized by Section 6, Ar-

ticle IX of the Constitution, from use in servicing the revenue certificates.

It is next contended that the Florida State Improvement Company was without authority to enter into contract with the Florida Industrial Commission to rent the proposed office building and to sublease such floor space as it did not require for its purpose, to other state agencies.

As heretofore pointed out, the Florida State Improvement Commission derives its authority from Chapter 420, Florida Statutes of 1941, as amended by Chapter 22821, Acts of 1945. Section 420.06 (b) of said act in terms authorizes the Florida State Improvement Commission to construct office buildings and rent them to other state agencies. Other provisions require the Commission to maintain an office in Tallahassee and incur the expense of administering such an office. State agencies generally have authority to contract with each other in so far as necessary to administer duties within the scope of their authority.

From this it necessarily follows that the Florida State Improvement Commission and the Florida Industrial Commission were fully authorized to enter into the contract drawn in question. It imposes no obligation whatever on the State, State funds, or State property. The only source that the holder of these certificates can look to for payment is revenue from the three funds detailed in this opinion. It is also our view that the funds collected by the Florida Industrial Commission pursuant to Chapter 440.57 (b) Florida Statutes of 1941, are trust funds for the exclusive use of paying its administrative expenses, that it is a voluntary assessment paid by those who take advantage of the act, that it is not a state fund and that the Florida Industrial Commission was authorized to pledge said funds in payment of the lease contract with the Florida State Improvement Commission.

It follows that the decree appealed from must be and is hereby affirmed.

Affirmed.

THOMAS, C. J., BUFORD, CHAPMAN, ADAMS and BARNS, JJ., and CHILLINGWORTH, Associate Justice, concur.