O’CONNELL, Justice.
This is an appeal by the State Attorneys of the Second and Tenth Judicial Circuits from a final decree of the Circuit Court of the Second Judicial Circuit, in and for Leon County, wherein the issuance of certain Citrus Commission Revenue Bonds, proposed to be issued by the Florida Development Commission, was validated.
The Florida Legislature, in 1955, enacted Chapter 29788, Laws of Florida, Acts of 1955, creating the Florida Development Commission, the appellee, and conferring upon it all the powers and duties formerly vested in The Florida State Improvement Commission, which body was simultaneously abolished. Sec. 3(t), 11(b), Ch. 29788, supra.
Pursuant to resolution of the Florida Citrus Commission, the appellee undertook to issue revenue bonds in amount of $375,-000 for the purpose of constructing a building in Lakeland to be used as headquarters for the Citrus Commission, and duly instituted validation proceedings in connection therewith. From a decree of the Circuit Court for Leon County approving the issue, the State has prosecuted this appeal.
All issues raised with reference to the validity of the enabling statute under Sec. 16, Art. III, of the Florida Constitution, F.S.A.Const., and the general authority of the Development Commission to engage in and perform the commitments contemplated herein, must be disposed of in favor of appellee. Van Pelt v. Hilliard, 75 Fla. 792, 78 So.2d 693, L.R.A.1918E, 639; State v. Florida State Improvement Commission, 158 Fla. 743, 30 So.2d 97, 99.
The remaining point urged by appellant is that the obligations in question, payable from rentals to be received from the Citrus Commission as tenant of the proposed building, come within the prohibition of Section 6, Art. IX of the Constitution, so as to require approval of freeholders. The ruling of the court below in this respect was that “The Florida Development Commission has authority to pledge rentals received for the use of the proposed building, if, as and when collected, to the payment of the revenue bonds herein validated (e-s.) that accordingly the provision was properly made therein that the obligation is “payable from rentals accruing under a Lease-Purchase Agreement between the Florida Citrus Commission and the Florida Development Commission”, and is “secured only by such revenues;” and thal under those provisions “the purchasers and holders of the revenue bonds must look solely and exclusively to the rentals produced by the building for the payment of * * * the revenue bonds. They may not look to any legal or moral obligation of the State of Florida or any department * * * to rent or pay rent upon the building * *
Upon a consideration of all the terms and provisions of the bonds sought to be validated and the lease-purchase agreement referred to, the conclusions of the court below appear to be fully warranted and sustained by law. State ex rel. Watson v. Caldwell, 156 Fla. 618, 23 So.2d 855. And under the instruments as thus construed, it appears that the source of the funds to meet the rentals has no relation to the obligation of the bonds proposed to be validated. Cf. State v. Volusia County School Bd., Fla., 60 So.2d 761; State v. Florida State Imp. Comm., 158 Fla. 743, 30 So.2d 97. The final decree appealed from is therefore affirmed.
DREW, C. J., TERRELL, THOMAS, ROBERTS and THORNAL, JJ., and CRAWFORD, Associate Justice, concur.