QUESTION: May a student government association at a state university utilize moneys from the student activity fund derived from the student activity fee paid by students for lobbying activities to benefit the student body in general, whether directly or by a contract for services with a separate corporation or association offering legislative information services and lobbying assistance?
SUMMARY: A student government association at a state university may utilize moneys from the student activity funds derived from the student activity fee paid by students for lobbying activities to benefit the student body in general, whether directly or by a contract for services with a separate corporation or association offering legislative information services and lobbying assistance. Under former s. 240.095(2), F.S., "student activity fees" were specifically included among the funds which were exempt from the requirement that all funds received by a university from whatever source and for whatever purpose be deposited in the State Treasury subject to disbursement in such manner and for such purposes as the Legislature may by law provide. Pursuant to Ch. 74-312, Laws of Florida, carried forward as s. 240.0951, F.S. (1974 Supp.), the student activity fees . . . shall be paid into a student activity fund at each state university and shall be expended for lawful purposes to benefit the student body in general, including, but not limited to, student publications and grants to duly recognized student organizations the membership of which is open to all students at the university without regard to race, sex, or religion, but not to the benefit of activities for which an admission fee is charged to students, except for intercollegiate athletics. The allocation and expenditure of the student activity fund shall be determined by the student government association at each university, except that the president of the university may veto any line item or portion thereof within the budget as determined by the student government association legislative body. The president may reallocate the funds to the health service, intercollegiate athletics, or current bond obligations. Unexpended funds and undisbursed funds remaining at the end of a fiscal year shall be carried over and remain in the student activity fund and be available for allocation and expenditure during the next fiscal year. (Emphasis supplied.) In AGO 072-193, this office stated that the funds enumerated at former s. 240.095(1)-(8) are not "state" or "public" funds in the classical sense of the term as defined in 81 C.J.S. States s. 132, at 1146. The student activity funds, much like the presidents' concessions fund, student deposits, etc., are "nonstate" funds under the holding of AGO 072-193. The Legislature has expressly granted to the student government associations the authority to allocate and expend these funds subject to the university president's veto power. These student activity fees, like the presidents' concession funds, are exempt from the requirement that university system funds must be deposited in the State Treasury and disbursed "in such manner and for such purposes as the legislature may by law provide." The primary qualification on expenditure of student activity fees set forth at s. 240.0951, F.S. (1974 Supp.), is that the fund be expended for lawful purposes to benefit the student body in general, including, but not limited to, student publications and grants to nondiscriminatory, recognized student organizations. Again, the determination to allocate and expend has been granted exclusively to the respective student government associations subject only to presidential veto and reallocation in three specific areas. While no opinion is expressed in regard to the validity of these provisions, it should be noted that they are presumptively valid and any question as to their validity must be decided by the courts in an appropriate proceeding. However, as observed in AGO 072-193, it appears to be well settled that the Legislature may validly provide for the collection and administration of certain funds without making them state or public funds subject to constitutional and statutory requirements respecting such funds. In light of the nature of the funds in question as nonstate funds and the fact that they are kept outside the State Treasury and disbursed as the student government associations and, to a certain degree, the university presidents may direct, I am compelled to conclude that AGO 072-193 and the cases cited therein control the answer to this particular question. Unless and until this matter should be legislatively or judicially clarified, your question is answered in the affirmative. It should also be noted that I have not overlooked s. 11.062, F.S., which prohibits the use of state funds, exclusive of salaries, travel expenses, and per diem, by any state employee or other person for lobbying purposes. However, as outlined in the answer above, under the rationale of AGO 072-193, student activity fee funds are not within the purview of s. 11.062. Moreover, I am in agreement with your views expressed to this office on April 4, 1975, that student government associations at the state universities are not executive departments or subdivisions thereof, that a student government officer or employee is not a state employee, and that student activity fee moneys allocated by a student government but not subjected to a presidential veto are not "appropriated to or otherwise available for use by" an executive department within the meaning of s. 11.062. While such organizations could be characterized as "quasi-public" entities existing within the executive branch of government and in some instances acting in an advisory capacity to the respective university presidents, it does not necessarily follow that, because of this, such organizations necessarily are subject to state laws respecting executive departments. See, e.g., State ex rel. Watson v. Caldwell,23 So.2d 855 (Fla. 1945).