JulieAnn Rico Chairman, Fifteenth Circuit Judicial Nominating Commission
QUESTION:
Is the Judicial Nominating Commission required by s. 11(c), Art. V, State Const., to nominate three persons for a county court judicial vacancy when the Governor has certified the remainder of the incumbent judges's term to be filled by election on the September 1, 1992, ballot and the elected judge will be seated in January 1993?
SUMMARY:
Section 11(c), Art. V, State Const., requires the appropriate judicial nominating commission to make nominations of persons to fill county court vacancies for the remainder of a judicial term.
As Chairperson of the Fifteenth Circuit Judicial Nominating Commission you inquire about the duties of the commission pursuant to s. 11(c), Art. V, State Const., in the following situation. A county judge in the Fifteenth Judicial Circuit has resigned from office effective September 15, 1992. The Governor has accepted the resignation and an election has been scheduled for September 1, 1992, to fill the vacancy. The elected judge will be seated in January 1993. Thus, there will be a period between the incumbent judge's resignation on September 15, 1992, and the commencement of the new judge's term in January 1993, when there is no judge in this seat. You ask whether the Fifteenth Circuit Judicial Nominating Commission is required by the Florida Constitution to provide the Governor with the names of suitable candidates to fill the position of county court judge for this interim period.
The Florida Constitution makes specific provisions for filling judicial vacancies. The Constitution states that a separate judicial nominating commission shall exist for each judicial circuit which encompasses all trial courts within the circuit.[1]
Pursuant to s. 11(b), Art. V, State Const.:
 The governor shall fill each vacancy . . . on a county court by appointing for a term ending on the first Tuesday after the first Monday in January of the year following the next primary and general election, one of not fewer than three persons nominated by the appropriate judicial nominating commission. An election shall be held to fill that judicial office for the term of the office beginning at the end of the appointed term. (e.s.)
The nomination process is set forth as follows:
The nominations shall be made within thirty days from the occurrence of a vacancy unless the period is extended by the governor for a time not to exceed thirty days. The governor shall make the appointment within sixty days after the nominations have been certified to him.[2] (e.s.)
The word "shall," in its ordinary and common usage has a compulsory or mandatory meaning rather than a permissive one[3]
and, by utilizing this terminology, the framersof the Constitution mandate this procedure for nominating persons to fill judicial vacancies.[4] As this office has previously determined, "[a] judicial nominating commission has theconstitutional duty to supply the Governor with the names of at least three nominees or candidates for appointment to the judicial office in which there is a vacancy."[5] (e.s.)
The Attorney General cannot advise any officer to disregard a constitutional direction or mandate; on the contrary, such a directive must be given effect until judicially declared invalid.[6]
Further, I am not aware of any exception or exemption from the constitutional mandate for vacancies which are of a very limited duration. On the contrary, the Florida Supreme Court recently determined that this process should be utilized to fill a judicial vacancy which would exist from August 1, 1992, to January 5, 1993.[7]
Thus, it is my opinion that the Fifteenth Circuit Judicial Nominating Commission is required by s. 11(c), Art. V, State Const., to submit not fewer than three names to the Governor to fill a judicial vacancy on a county court for the period between September 15, 1992, and January 5, 1993.[8]
In light of this problem, the Legislature may wish to give this matter consideration.
[1] Section 11(d), Art. V, State Const. And see, s. 43.29, F.S., which prescribes the composition and terms of service for members of judicial nominating commissions.
[2] Section 11(c), Art. V, State Const. 
[3] See generally, 80 C.J.S. Shall p. 136 (1953).
[4] It is the rule that a legislative direction as to how a thing shall be done constitutes a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799,805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342
(Fla. 1952); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).And see, State ex rel. McKay v. Keller, 191 So. 542 (Fla. 1939) and 16 C.J.S. Constitutional Law s. 19, for the general proposition that principles of construction applicable to statutes are also applicable to constitutional provisions.
[5] See, AGO 75-245 (under s. 11, Art. V, State Const., it is the duty of a judicial nominating commission to submit to the Governor the names of three nominees who are qualified for, and willing to accept an appointment to, the judicial post for which the nominations are made.)
[6] Cf., State ex rel. Watson v. Caldwell,23 So.2d 855 (Fla. 1945); Department of Revenue of Florida v. Young American Builders, 330 So.2d 864 (1 D.C.A. Fla., 1976); Adams Packing Association, Inc. v. Florida Department of Citrus,352 So.2d 569 (2 D.C.A. Fla., 1977); AGO's 78-64 and 77-99.
[7] In Re Advisory Opinion to the Governor (Judicial Vacancies), 17 FLW S313 (June 1, 1992).
[8] Cf., Spector v. Glisson, 305 So.2d 777, 783 (Fla. 1974) (in which the Court stated that the purpose of s. 11(a), Art. V, State Const., was to fill by prompt appointment those vacancies which occur at times and in situations where there is a need for someone to fill an interim judgeship so that the business of the courts can continue and will not suffer by lack of an incumbent judge, but only in those instances where the elective process is not available.)