667 So.2d 365 (1995)
DEPARTMENT OF REVENUE, Appellant,
v.
ZURICH INSURANCE COMPANY, U.S. BRANCH, Appellee.
No. 95-294.
District Court of Appeal of Florida, First District.
November 17, 1995.
*366 Robert A. Butterworth, Attorney General; and Joseph C. Mellichamp, III, Senior Assistant Attorney General, Tallahassee, for Appellant.
M. Stephen Turner and David K. Miller of Broad and Cassel, Tallahassee, for Appellee.
MARGUERITE H. DAVIS, Judge.
The Florida Department of Revenue appeals a final order in which a Hearing Officer of the Department of Administrative Hearings invalidated Rule 12B-8.016(3)(a)(4), Florida Administrative Code, as an unlawful exercise of delegated legislative authority. The challenged rule provides, in pertinent part, that assessments imposed by other states which are comparable to the worker's compensation administrative assessment imposed by section 440.51, Florida Statutes, shall be included in the calculation of the retaliatory tax provided in section 624.5091, Florida Statutes (1993). Because we agree with the Hearing Officer that this rule constitutes an unlawful exercise of delegated legislative authority, we affirm.
This rule challenge was instituted by Zurich Insurance Company ("Zurich"). Zurich is an insurer domiciled in the State of New York and authorized to do business in Florida. As a foreign insurer doing business in Florida, Zurich is subject to the provisions of Florida's retaliatory tax, section 624.5091, Florida Statutes. In Gallagher v. Motors Ins. Co., 605 So.2d 62, 71 (Fla. 1992), cert. dismissed, 506 U.S. 1074, 113 S.Ct. 1036, 122 L.Ed.2d 179 (1993), the Florida Supreme Court recently explained the purpose of the retaliatory tax: to promote the interstate business of domestic insurers by deterring other states from enacting discriminatory or excessive taxes. The retaliatory tax statute authorizes retaliatory taxation against foreign-domiciled insurers in the amount by which their state of domicile would tax Florida insurers in excess of Florida's comparable tax. Thus, if the New York retaliatory tax base would exceed the Florida tax burden, Florida imposes a retaliatory tax on New York insurers such as Zurich.
This present case turns on the interpretation of the provision in the retaliatory tax statute which states that "special purpose obligations or assessments imposed by another state in connection with particular kinds of insurance other than property insurance" shall be excluded from the retaliatory tax calculation. The challenged rule requires the inclusion of "[t]he workers compensation administrative assessment imposed by s. 440.51, F.S., as well as comparable assessments in other states" in the retaliatory tax calculation. The Hearing Officer concluded that "[t]he challenged rule enlarges and modifies the retaliatory tax statute and contravenes the statutory exclusion by including in the retaliatory comparison the special purpose assessments of other states comparable to the assessment under Section 440.51, Florida Statutes."
First, the Department of Revenue asserts that the Hearing Officer applied an *367 incorrect standard of review, by failing to give appropriate deference to the agency's interpretation of the statute. The Hearing Officer applied the correct standard of review in invalidating Rule 12B-8.016(3)(a)(4) as an invalid exercise of legislative authority. This case began as a rule challenge pursuant to section 120.56, Florida Statutes, and as such was a quasi-judicial proceeding. In Adam Smith Enterprises, Inc. v. Department of Environmental Regulation, 553 So.2d 1260 (Fla. 1st DCA 1989), this court explained that the Hearing Officer's standard of review of an agency rule in a section 120.56 rule challenge "is whether the rule constitutes an invalid exercise of legislative authority, as that phrase is defined in Section 120.52(8) ..." Id. at 1274 n. 23. "Invalid exercise of legislative authority" is defined to encompass a rule which is "arbitrary and capricious" or a rule which is "vague, [which] fails to establish adequate standards for agency decisions" or a rule which enlarges, modifies or contravenes the specific provisions of law implemented. Id. at 1267. In an appeal from a section 120.56 quasi-judicial proceeding, it is the Hearing Officer's decision which this court must review under a competent substantial evidence standard, not the rule making decision of the agency. Id. at 1274.
The parties agree that the New York Worker's Compensation Administration Board Fund assessment is comparable to the worker's compensation administrative assessment contained in section 440.51, Florida Statutes. Thus the parties and the hearing officer addressed their reasoning to whether section 440.51 is a "special purpose obligation or assessment imposed in connection with particular kinds of insurance other than property insurance" rather than the relevant New York statute. We accept this reasoning based upon the fact that there is no dispute over the similarity between the New York assessment at issue and the comparable Florida law. We conclude that if section 440.51 is a "special purpose obligation or assessment," Zurich may not be required by rule to include the New York Workers' Compensation Administration Board Fund assessment in its retaliatory tax calculations, because section 624.5091(3), Florida Statutes (1993) expressly excluded from the retaliatory tax computation "special purpose obligations or assessments imposed by another state in connection with particular kinds of insurance other than property insurance ..."[1]
The Department admits that the workers' compensation administrative assessment consists of funds dedicated as trust funds to be used only for a special purpose, specifically limited to workers' compensation, and that the funds are not general taxes paid into the general revenue fund. Nonetheless, the Department takes the position that the workers' compensation administrative assessment is not a special purpose obligation or assessment because it funds an operation of government. That interpretation is unreasonable. Section 440.51 clearly provides that these monies are to be deposited into a "special fund" to be used for specified purposes and that the money is "not to be the money or property of the state." The Legislature clearly indicated its intent that the program funded with this money was for the benefit of certain parties, and not all citizens generally. Under the plain language of the statute, this is a special purpose obligation or assessment. That conclusion is in conformity with the decision in State v. Florida State Improvement Commission, 158 Fla. 743, 30 So.2d 97, 99 (1947), in which the court explained that:
Here we have a clear declaration that these funds are not the property of the state but that they shall be administered by the Commission, the State Treasurer being the mere custodian of them for that purpose. They are trust funds held in like category as funds held and administered *368 by the Board of Commissioners of Everglades Drainage District in the drainage of the Everglades. Lianhard [Lainhart] v. Catts, 73 Fla. 735, 75 So. 47. These funds never reach the state treasury as state funds; are never available for the general purposes of the state, but are solely for the use of the Florida Industrial Commission.
We agree with the Hearing Officer that the challenged rule enlarges or modifies the retaliatory tax statute by requiring Zurich to include the workers' compensation administrative assessment payable in New York, in contravention of the statutory exclusion of "special purpose obligations or assessments imposed by another state in connection with particular kinds of insurance other than property insurance ..."
Accordingly, we AFFIRM.
KAHN, J., and SMITH, Senior Judge, concur.
NOTES
[1] We note that the 1993 statute quoted in Zurich's rule challenge petition expressly excluded "special purpose obligations or assessments imposed by another state ..." whereas the 1994 law was amended to provide an exclusion for "special purpose obligations or assessments" without the limiting language "imposed by another state." Since the Petitioner challenged the inclusion of the assessment which would be imposed by another state, specifically New York, on a Florida insurer comparable to Zurich doing business in New York, the amendment is irrelevant to the resolution of this case.