667 So.2d 445 (1996)
FLORIDA DEPARTMENT OF REVENUE and Lawrence Fuchs, Appellants,
v.
LIBERTY NATIONAL INSURANCE COMPANY, Appellee.
No. 94-3665.
District Court of Appeal of Florida, First District.
January 26, 1996.
Robert A. Butterworth, Attorney General, and C. Lynne Overton and Lisa M. Raleigh, Assistant Attorneys General, Tallahassee, for appellants.
Daniel C. Brown, Paul R. Ezatoff, and Richard E. Coates, of Katz, Kutter, Haigler, Alderman, Davis, Marks & Rutledge, Tallahassee, for appellee.
Michael R. Kercher of Broad & Cassel, Tallahassee, for amicus curiae, Paul Revere Ins. Co.
*446 PER CURIAM.
The Florida Department of Revenue (DOR) appeals a final summary judgment in favor of Liberty National Insurance Company (Liberty). We affirm.
Liberty, a health and life insurer organized under the laws of Alabama and domiciled in Alabama, was subject to and paid Florida Retaliatory Tax pursuant to section 624.5091. The dispute in this case concerns the proper method of calculating the retaliatory tax. The legislature has provided that certain financial exactions be excluded from the calculation. Section 624.5091(3), Florida Statutes (1993), provides in part: "This section does not apply as to personal income taxes, nor as to ad valorem taxes on real or personal property, nor as to special purpose obligations or assessments imposed by another state in connection with particular kinds of insurance other than property insurance." (Emphasis added).
During the relevant period, Liberty made certain statutorily required payments to the Florida Comprehensive Health Association (FCHA). Liberty included the FCHA assessments in the retaliatory tax calculation. Alabama does not impose a comparable tax or assessment. Accordingly, including the FCHA assessment in the retaliatory tax computation lowered Liberty's tax assessment. The DOR conducted an audit of Liberty for the periods of 1986 through 1990. The DOR treated the FCHA payments as special purpose obligations or assessments under 624.5091(3), and thereby excluded them in calculating the insurance retaliatory tax to be paid by Liberty. This exclusion by the DOR resulted in an increased tax assessment of $37,500.38.
Liberty timely filed a complaint seeking to have the tax assessment declared invalid. Both the DOR and Liberty moved for summary judgment. In support of its position, the DOR noted that Florida Administrative Code Rule 12B-8.016(3)(a)5 requires the exclusion of "special purpose obligations or assessments in connection with particular kinds of insurance other than property insurance," and argued that DOR has consistently interpreted the retaliatory tax statute as requiring exclusion of such obligations or assessments from both Florida and the foreign state in calculating the retaliatory tax. The trial judge correctly determined, however, that:
Florida Statute § 624.5091(3) as it existed before May 29, 1994, excludes special purpose obligations or assessments "imposed by other states" from the computation of the retaliatory tax. The assessments paid by [Liberty] to the Florida Comprehensive Health Association are imposed by the State of Florida and not an "other state." Given a plain reading of the statute, these assessments are not excludable under subsection 3 of the statute during the audit period in question.
Cf. Department of Revenue v. Zurich Insurance Company, 667 So.2d 365 (Fla. 1st DCA, 1995) (Rule 12B-8.016(3)(a)(4), which provides that assessments imposed by other states which are comparable to the worker's compensation administrative assessment imposed by section 440.51, Florida Statutes, shall be included in the calculation of the retaliatory tax, constitutes an unlawful exercise of delegated legislative authority).
The DOR also argued that the 1994 amendment to section 624.5091(3), in which the legislature deleted the phrase "by another state," further supported its interpretation. DOR noted that the legislature stated that it was the intent of the legislature that the amendment is remedial legislation intended to clarify the application of the retaliatory tax. The DOR argued that the amendment was remedial legislation which should be applied retroactively.
The trial judge correctly rejected the DOR's arguments. The statute was originally enacted in 1955. The 1994 amendment would drastically alter tax liability for preceding years. See State Farm Mutual Automobile Insurance Co. v. Laforet, 658 So.2d 55, 61, 62 (Fla. 1995) ("Even when the Legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties... . It would be absurd, however, to *447 consider legislation enacted more than ten years after the original act as a clarification or original intent; the membership of the 1992 legislature substantially differed from that of the 1982 legislature.").
AFFIRMED.
BARFIELD and ALLEN, JJ., and SHIVERS, Senior Judge, concur.