Mr. Charles A. Costin Gulf County School Board Attorney 413 Williams Avenue Port Saint Joe, Florida 32456
Dear Mr. Costin:
On behalf of the Gulf County School Board and the Superintendent of the Gulf County School System, you have asked for my opinion on substantially the following question:
Is the Gulf County School Board required to include the prison population of Gulf County in the determination of the county's population for purposes of dividing the county into five district school board member residence areas under section 230.061(1), Florida Statutes?
In sum:
The Gulf County School Board is required to include the prison population of the county in changing the boundaries of the five school board member residence areas pursuant to section 230.061(1), Florida Statutes. However, as this question is controlled by state law, the Legislature may wish to consider whether Florida's prison population should be included in population counts for purposes of redistricting.
Gulf County, like Florida's other 67 counties, is reviewing the apportionment of its county commission districts based on the results of the 2000 federal census. The Gulf County School Board is also reexamining the boundaries of its districts. The five current school board districts coincide with the five county commission districts. Since the districts were last redrawn, two prisons have been constructed and substantially affect the population in two of the five districts. You ask whether the school board, in redrawing its districts, must include the prison population for purposes of section 230.061, Florida Statutes. For the following reasons, it is my opinion that the prison population must be included in Gulf County's redrawing of its school board member residence areas.
Section 230.061, Florida Statutes, provides:
"(1) For the purpose of electing school board members, each district shall be divided into at least five district school board member residence areas, which shall be numbered one to five, inclusive, and which shall, as nearly as practicable, be equal inpopulation.
* * *
(2) The school board of any district may make any change which it deems necessary in the boundaries of any school board member residence area of the district at any meeting of the school board; provided that such changes shall be made only in odd-numbered years and provided further, that no change which would affect the residence qualifications of any incumbent member shall disqualify such incumbent member during the term for which he or she is elected.
(3) Such changes in boundaries shall be shown by resolutions spread upon the minutes of the school board, and shall be recorded in the office of the clerk of the circuit court, and shall be published at least once in a newspaper published in the district within 30 days after the adoption of the resolution, or, if there be no newspaper published in the district, shall be posted at the county courthouse door for 4 weeks thereafter. A certified copy of this resolution shall be transmitted to the Department of State." (e.s.)
This provision implements the terms of Article IX, section 4(a), Florida Constitution, stating that "[i]n each school district there shall be a school board composed of five or more members chosen by vote of the electors in a nonpartisan election for appropriately staggered terms of four years, as provided by law." While the constitution does not address the method for drawing districts, the statute clearly does, requiring that districts be drawn "as nearly as practicable . . . equal in population."
This office recently addressed the question of redistricting in an opinion issued to the Gulf County Board of County Commissioners. In Attorney General's Opinion 01-55 this office was asked to determine whether the statutes and the Florida Constitution require the Gulf County Board of County Commissioners to include and count the prison population within the district in which such prison population is physically located when attempting to redraw county commission districts following the last decennial census. In answering that question, the language of both the Constitution[1] and the relevant statutes[2] was considered. Both sources contain language almost identical to that of section 230.061(1), Florida Statutes, requiring that such districts be "as nearly as practicable . . . equal in population." Section 1.01(7), Florida Statutes, was also discussed and provides:
"Reference to the population or number of inhabitants of any county, city, town, village, or other political subdivision of the state[3] shall be taken to be that as shown by the last preceding official decennial federal census . . . which shall also be the state census and shall control in all population acts and constitutional apportionments, unless otherwise ordered by the Legislature."[4]
Based on the language of the statutes and the Constitution and consideration of equal protection in both the Florida and Federal Constitutions, it was the opinion of this office that the Gulf County Board of County Commissioners must include and count the prison population within the district in which the prison population is physically located when attempting to balance each of the five county districts.
Both the United States Supreme Court and the Florida Supreme Court, in a series of opinions, have recognized that equal protection of the laws requires that representation by legislative bodies reflect substantially equal populations.[5] While the Equal Protection Clause of the United States Constitution does not require states to use total population figures derived from the federal census as the standard by which substantial population equivalency is to be measured,[6] Florida's constitutional and statutory scheme of apportionment does recognize census figures as the benchmark for these purposes. The Attorney General cannot advise any officer to disregard a legislative direction or mandate; on the contrary, the statute is presumed to be valid and must be given effect until judicially declared invalid.[7]
Therefore, it is my opinion that the Gulf County School Board is required to include the prison population of the county in changing the boundaries of the five school board member residence areas pursuant to section 230.061(1), Florida Statutes.
Finally, this office has been advised that in 1986 Gulf County voluntarily entered into a consent agreement to settle a federal lawsuit involving county voting districts.[8] To the extent that the school board is subject to the terms of this agreement, those provisions are binding and must be followed until such time as the terms of the agreement are revised.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Article VIII, s. 1(e), Fla. Const. 
[2] Section 124.01, Fla. Stat.
[3] See, s. 1.01(8), Fla. Stat., defining "political subdivision" to include counties, special tax school districts and "all other districts in this state."
[4] And see, Art. X, s. 8, Fla. Const., which provides:
"(a) Each decennial census of the state taken by the United States shall be an official census of the state.
(b) Each decennial census, for the purpose of classifications based upon population, shall become effective on the thirtieth day after the final adjournment of the regular session of the legislature convened next after certification of the census."
See also, s. 11.031, Fla. Stat., relating to the official census.
[5] See, Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362,12 L.Ed.2d 506 (1964); Avery v. Midland County, 390 U.S. 474,88 S.Ct. 1114, 20 L.Ed.2d 45 (1968); Milton v. Smathers,389 So.2d 978 (Fla. 1980); In re Apportionment Law Senate Joint ResolutionNo. 1305, 1972 Regular Session, 263 So.2d 797 (Fla. 1972).
[6] See, Burns v. Richardson, 384 U.S. 73, 92, 86 S.Ct. 1286,1295-1297, 16 L.Ed.2d 376 (1966).
[7] Cf., State ex rel. Watson v. Caldwell, 23 So.2d 855 (Fla. 1945); Department of Revenue v. Young American Builders,330 So.2d 864 (Fla. 1st DCA 1976).
[8] See, Consent Judgment dated June 17, 1986, Peters v. GulfCounty, MCA 86-2035-RV (N.D.Fla., 1986).